# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Crystal Gail Stikeleather<br>Date of Original Judgment: 01/06/2022<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 5:21-cr-55-KDB-DCK-1/5:16-cr-13-KDB-DCK-2<br>USM No: 32732-058<br><br>_____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   01/06/2022   shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 8, 2024

/s/ Kenneth D. Bell
Kenneth D. Bell
United States District Judge

Effective Date: _____                                  Kenneth D. Bell
*(if different from order date)*                                *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Crystal Gail Stikeleather
CASE NUMBER: 5:21-cr-55-KDB-DCK-1/5:16-cr-13-KDB-DCK-2
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category.  Defendant is ineligible for relief in the revocation sentence imposed in 5:16-cr-13-KDB-DCK-2 as it did not include any status points or zero points.  In 5:21-cr-55-KDB-DCK-1, Defendant had 5 criminal history points before the addition of the 2 status points. (Doc. No. 14, ¶¶ 45-46). With the removal of the 2 status points (because she had 6 points or fewer), criminal history points of 5 equals a criminal history category of III. With an Offense Level of 31 and a criminal history category of III, the sentencing guideline range would be 135-168 months which is what the Court utilized at sentencing. (Doc. No. 25 at 1).  The Court at sentencing varied downward to a sentence of 120 months, the statutory minimum sentence. *Id.* at 3.  Amendment 821 provides no relief to Defendant.